UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANNIE DOE                                   )       CIV No. _____
                          PLAINTIFF         )
                                            )
V.                                          )
                                            )
COLLEGE OF MOUNT SAINT VINCENT              )
                                            )
                          DEFENDANT         )

**EX PARTE MOTION TO PROCEED BY PSEUDONYM**

Plaintiff, Annie Doe, by and through her attorney, Harold R. Burke, moves this Court for

an order allowing her to proceed in the above-captioned matter using the pseudonym "ANNIE

DOE". Plaintiff makes this request in order to protect herself from harassment, injury, ridicule

and personal embarrassment. In support hereof, plaintiff has filed a memorandum support of this

motion together with her Verified Complaint.

Dated September 7, 2020.

                                            ANNIE DOE

                                   By _____
                                            Harold R. Burke (HB0149)
                                            Law Offices of Harold R. Burke
                                            P.O. Box 4078
                                            Greenwich, CT 06831
                                            Telephone:  (203) 219-2301
                                            Facsimile:  (203) 413-4443
                                            E-Mail:  hrb@burke-legal.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANNIE DOE ) CIV No. _____
PLAINTIFF )
)
V. )
)
)
COLLEGE OF MOUNT SAINT VINCENT )
)
DEFENDANT )

## MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S MOTION TO PROCEED BY PSEUDONYM

### I.    FACTS RELEVANT TO MOTION

This matter before the Court comes on Plaintiff's claims for civil damages and injunctive relief against the College of Mount Saint Vincent and its employees for improperly handling her allegations of sexual assault and retaliating against her. The details underlying Plaintiff's sexual assault are highly personal, intimate, humiliating, and psychologically damaging to Plaintiff. She has suffered significantly due to the Defendant's actions. She suffers from a number of issues, including, generalized anxiety disorder, major depression, and post-traumatic stress disorder.

### II.    ARGUMENT

The Federal Rules of Civil Procedure do not explicitly authorize, nor absolutely prohibit, the use of fictitious names by plaintiffs or other parties. In *EW v. New York Blook Ctr.*, 213 F.R.D. 108 (2d Cir. 2003), the Second Circuit declared, "[a] plaintiff is entitled to proceed under a pseudonym where revealing the plaintiff's name subjects him or her to the risk of public disapproval, harassment, or bodily harm." In *Does I Thru XXIII v. Advanced Textile Corp.* 214 FR.3d 1058 (9th Cir. 2000), the Ninth Circuit held that "a party may preserve his or her

1

anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1067. The Second Circuit has endorsed this balancing of interests when determining whether a plaintiff may act under a pseudonym. *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 189 (2d Cir. 2008). The Second Circuit has gathered a non-exhaustive list of factors to consider when determining the need for anonymity. This list of factors includes:

> "(1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the …party seeking proceed anonymously…; (3) whether identification presents other harms and the likely severity of those harms…(4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure; (5) whether the suit is challenging the actions of the government or that of private parties, (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, …; (7) whether the plaintiffs identity has thus far been kept confidential, ; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity…"

*Id.* at 190 (internal citations removed).

New York state has made clear its intentions to protect the identities of survivors of sexual assault. The Eastern District of New York recognized, "[w]ith regard to the second factor, courts have granted anonymity to protect against disclosure of a wide range of issues involving matters of the utmost intimacy, including sexual assault. Indeed, many states in this country, including New York, have enacted laws to protect the anonymity of sexual assault victims."

*Doe No. 2 v. Kolko*, 242 F.R.D. 193, 196 (E.D.N.Y. 2006) (internal citations omitted).

Specifically, N.Y. Educ. Law § 6448 states:

> Pursuant to subdivision (i) of rule three thousand sixteen of the civil practice law and rules, in any proceeding brought against an institution which seeks to vacate or modify a finding that a student was responsible for violating an institutions rules regarding a violation covered by this article, the name and identifying biographical information of any student

> shall be presumptively confidential and shall not be included in the
> pleadings and other papers from such proceeding absent a waiver or cause
> shown as determined by the court. Such witnesses shall be identified only
> as numbered witnesses. If such a name or identifying biographical
> information appears in a pleading or paper filed in such a proceeding, the
> court, absent such a waiver or cause shown, shall direct the clerk of the
> court to redact such name and identifying biographical information and so
> advise the parties.

Additionally, N.Y. Civ. Rights Law § 50-b states:

> The identity of any victim of a sex offense, as defined in article one
> hundred thirty or section 255.25, 255.26 or 255.27 of the penal law, or of
> an offense involving the alleged transmission of the human
> immunodeficiency virus, shall be confidential. No report, paper, picture,
> photograph, court file or other documents, in the custody or possession of
> any public officer or employee, which identifies such a victim shall be
> made available for public inspection. No such public officer or employee
> shall disclose any portion of any police report, court file, or other
> document, which tends to identify such a victim except as provided in
> subdivision two of this section.

Further, "[u]pon approving New York's rape shield law, then Governor Mario Cuomo stated, 'sexual assault victims have unfortunately had to endure a terrible invasion of their physical privacy. They have a right to expect that this violation will not be compounded by a further invasion of their privacy.'" *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 196 (E.D.N.Y. 2006) (internal citations omitted).

When determining whether to allow a Plaintiff to proceed by pseudonym, Courts should also consider not only risk of retaliation but the Plaintiff's mental health status. "As to the third factor of injury and the related concern of retaliation, plaintiff's psychotherapist opines that the alleged sexual assault at issue has caused plaintiff, in addition to physical somatic injuries, extreme emotional and psychological injuries as well. He further states that plaintiff also suffers from suicidal thoughts and that 'any public disclosure of [plaintiffs] identity would be severely

3

damaging to [his] already fragile psychological condition.'" *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 196 (E.D.N.Y. 2006) (internal citations omitted).

### A.    This Case Involves Details of a Highly Sensitive and Personal Nature

Plaintiff filed her complaint using a pseudonym in order to protect her identity so as to mitigate damage done to her and her name as a result of the incidents alleged in her complaint. The details surrounding her sexual assault are highly sensitive and of a personal nature. There was a fundamental privacy interest that was violated when Plaintiff was sexually assaulted and, as stated by New York's Governor Cuomo, exposure of Plaintiff's true identity would only compound that violation. *Doe No. 2 v. Kolko,* 242 F.R.D. 193, 196 (E.D.N.Y. 2006) (internal citations omitted).

### B.    Risk of Significant Mental Harm to Plaintiff

Revealing Plaintiff's true identity would result in irreparable harm to her mental health and well-being. As outlined in her complaint, the Defendant's actions caused Plaintiff to become emotionally distressed and despondent. Forcing Plaintiff to reveal her true identity would risk undermining the psychological treatment that Plaintiff has undergone since the alleged incident. She will be seeking other educational options and public identification in this case would drastically set her back in this recovery. Moreover, as identified in her complaint she has received threats of physical violence as well as threats of further sexual assault. If Plaintiff is forced to reveal her identity, especially in the Internet age, she will be subjected to further unnecessary interrogation, criticism, and psychological trauma of which she is particularly vulnerable.

## C.     Lack of Prejudice to the Defendant

This is not a case in which Defendant does not know the Plaintiff's identity. Defendant has access to Plaintiff's educational records and will have the right to depose or confer with any witnesses and conduct full discovery in accordance with the Rules of Civil Procedure. Allowing Plaintiff to proceed by pseudonym will not prejudice the Defendant or interfere in any way with the policy underlying Rule 10 of the Federal Rules of Civil Procedure which apprises the parties of the identity of their opponent.

## D.     Public Interest

The public interest in this litigation will not be furthered or enhanced by knowing Plaintiff's identity. Her identity has remained confidential; there is nothing about her identity that is significant or newsworthy. Other than closing the courtroom or sealing the record, there is no alternative mechanism for protecting Plaintiff's confidentiality. Proceeding under a pseudonym actually enhances the public's ability to participate in the litigation by obviating the need to seal or otherwise restrict documents and court proceedings. Allowing her to proceed under pseudonym properly balances her need for anonymity against countervailing interests in full public disclosure. It also provides other victims with some comfort that they can seek appropriate legal redress without fear of their identity being disclosed.

### III.    CONCLUSION

In this case, the sensitive and personal nature of Plaintiff's allegations and likelihood of

added harm to her mental health should overcome the presumption of openness. Therefore,

Plaintiff requests that she be allowed to proceed under pseudonym.

Dated September 7, 2020.

                                        ANNIE DOE

                              By _____

                                        Harold R. Burke (HB0149)
                                        Law Offices of Harold R. Burke
                                        P.O. Box 4078
                                        Greenwich, CT 06831
                                        Telephone:  (203) 219-2301
                                        Facsimile:  (203) 413-4443
                                        E-Mail:  hrb@burke-legal.com